**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DARRELL I. BOLDEN, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:22-cv-00631-SEP |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Darrell Bolden's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Doc. [1].  For the reasons set forth below, the Petition is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is an inmate at the Southeast Correctional Center in Charleston, Missouri. In his first direct appeal, the Missouri Court of Appeals summarized the facts of his case as follows:

> [O]n May 5, 2012, . . . Defendant entered a Check n' Go store in St. Peters holding a gun and wearing a heavy coat and ski mask.  There were two women inside, one was an employee and one was a customer.  The customer had placed $400 in cash on the counter to pay for a wire transfer transaction. Defendant ordered the women to get behind the counter and forced them to kneel.  He took the $400 on the counter and removed an additional $1500 in cash from the cash drawer.  He demanded that the employee open the safe. She entered the code for the safe and informed Defendant that the safe had a delay and would not open for five minutes.  Defendant left the store, and the employee pressed the panic button to summon the police.  Police were not initially able to determine Defendant's identity, but approximately four months after the robbery occurred, they received information implicating Defendant.  At that time, Defendant was detained in the St. Louis County Jail on other charges.  After waiving his *Miranda* rights, defendant admitted to the robbery, gave a written statement, and made notations on still photographs from the store's surveillance video indicating that he was the man who committed the robbery.

Doc. [13-3] at 2-3 ("*Bolden I*").  The Court continued:

> While awaiting trial, it appears Defendant was not represented by an attorney, and nothing in the trial court's docket sheet indicated whether Defendant had appointed counsel during the several months before the trial court considered his request to waive counsel.  The reason is unclear from

1

> the record, but Defendant filed several motions and letters with the court pro se over an approximately nine-month period between his indictment and a pretrial hearing on May 5, 2014.  At that May 5, 2014, hearing, the trial court took up Defendant's request to waive counsel and represent himself.  After informing Defendant of the ranges of punishment he faced for each offense if convicted, and after ensuring Defendant understood that he was entitled to appointment of a public defender as well as what the assistance of an attorney might provide to his defense, the trial court stated [that] . . . "Defendant has made a knowing and intelligent waiver of his right to assistance of an attorney . . . ."  The trial court heard argument from both the State and Defendant on the State's motion [for psychiatric examination of Defendant], and proceeded to grant the State's motion, giving the following rationale:  . . . "I don't find your behavior at this point to be particularly rational in denying the help that an attorney could give you.  So, I'm going to order a psychiatric examination . . . [to determine] whether or not you have a mental disease or defect and whether or not . . . you have or lack the capacity to understand the proceedings to assist in your defense."

*Id.* at 3-4.  On January 23, 2015, after the trial court received the results of the psychiatric examination, it conducted another hearing at which Petitioner again appeared *pro se*.  The trial court acknowledged that the examiner had concluded that Petitioner was competent to stand trial and confirmed that Petitioner unequivocally wished to represent himself at trial.  Doc. [13-9] at 3-5.  Specifically, the court stated, and Petitioner confirmed, that it "had a lengthy conversation [with Petitioner] about [his] right to be represented by an attorney," that Petitioner had executed a written waiver of counsel document and that the court had "advised [him] . . . [of what] he [was] charged with, the range of punishment and all of [his] rights under the United States and Missouri Constitutions of being represented by an attorney," and discussed other complications that would likely arise during his jury trial. *Id.*  Petitioner proceeded to trial *pro se* and was convicted by a jury of two counts of first-degree robbery and two counts of armed criminal action.  *Bolden I* at 4.  He was sentenced "as a prior and persistent offender to consecutive terms of life in prison for each count of first-degree robbery, and 25 years for each count of armed criminal action." *Id.*

Petitioner raised two points on direct appeal:  (1) whether the trial court erred in allowing him to proceed *pro se* before determining he was mentally competent to stand trial; and (2) whether the trial court erred in failing to dismiss the charges against him on federal and state speedy trial grounds. *Id.* at 5.  While the Missouri Court of Appeals concluded that Petitioner's speedy trial rights under state and federal law were not

2

violated, it found that the trial court did err in failing to provide Petitioner an attorney for his competency hearings.  Doc. [13-3] at 1-10 (citing *U.S. v. Klat*, 156 F.3d 1258, 1263 (D.C. Cir. 1998) (defendant was denied right to counsel where trial court doubted defendant's competency yet failed to appoint counsel during pendency of competency issue)).  The court acknowledged that generally, in such instances, Petitioner would have been entitled to a new trial, given the "difficulties in determining competency retroactively," but ultimately concluded that the existence of the competency evaluation report allowed for retroactive review.  Doc. [13-3] at 11 (citing *Eley v. Bagley*, 604 F.3d 967 (6th Cir. 2010) ("Retroactive determinations of competency are difficult, and any such determination must be based on evidence derived from knowledge contemporaneous to trial")).  As such, the court instructed that:

> [T]he trial court can conduct a hearing as to the validity of [the competency evaluation] report and make a finding under the procedures set forth in Section 552.020.  We also instruct the trial court to ensure Defendant is represented by counsel, either private counsel or appointed counsel, at that hearing.  If, after the hearing, the trial court finds that the report cannot establish Defendant's competency at the time of trial, then the trial court shall set aside the judgment and sentence and grant a new trial.  *See Pate [v. Robinson]*, 383 U.S. [375, 387 (1996)].  If however, the trial court determines from the evidence that Defendant was competent to stand trial and to conduct his own trial at the time, then the trial court "shall certify the transcript of the hearing and its determination and findings to this court to be made a part of the transcript in the cause for determination and disposition of the appeal upon the record as supplemented."  *State v. Nebbit*, 455 S.W.3d 79, 89 (Mo. App. E.D. 2014) (quoting *State v. Mitchell*, 611 S.W.2d 211, 214 (Mo. banc 1981)).  Point granted.

Doc. [13-3] at 11.

On March 5, 2018, the trial court conducted "an evidentiary hearing on the sufficiency of the competency report with Defendant represented by counsel."  Doc. [13-12] at 3.  The court took judicial notice of its court file, Petitioner's underlying criminal case, and its order dated January 23, 2015.  *Id.* at 4.  The court noted that it had received the competency evaluation report, had reviewed it, and asked whether either side's attorney had any additional testimony that they wished to present.  *Id.* at 4-5.  The State offered the psychiatric report, and Petitioner argued, through counsel, that because "the report was completed after [Petitioner] had waived counsel," there was "no way to look back at the

3

time he waived counsel even via that report." *Id.* at 5.  Petitioner did not challenge the sufficiency of the report itself or present any additional evidence.  *Id.* at 6-7.  The court found "that based on the report the Defendant does not suffer from a mental disease or defect within the meaning of the revised statute of the State of Missouri 552.020 and is competent. . . . [T]he Defendant was competent at the time of the determination by the Court, and the Defendant is competent now."  *Id.*  The Court also took judicial notice of "its advice to the Defendant of the perils of representing himself, and the Defendant, having been found competent, elected to waive counsel and proceed on his own behalf."  *Id.*

Petitioner again appealed, arguing the evidentiary hearing on remand was "an inadequate remedy in that there was no opportunity for meaningful adversarial testing of the original competency report."  Doc. [13-4] at 3 ("*Bolden II*").  The Missouri Court of Appeals distinguished between the facts of Petitioner's case and the cases cited by Petitioner in his appeal, noting that in cases where a new trial was ordered, it was generally "because either the trial court failed to conduct an inquiry into a defendant's competency despite clear circumstances putting competency at issue, or that a psychiatric examination in evidence failed to address the legal questions or competency sufficiently."  *Id.* at 4 n.1. The appeals court noted that, despite having "an opportunity at the evidentiary hearing to attack the competency report and the sufficiency of its findings through argument," Petitioner "continue[d] [only] to argue that the remedy was inadequate."  *Id.*  Unable to "evaluate the adequacy of meaningful adversarial testing when Defendant made no attempt at any adversarial testing," the appeals court denied Petitioner's appeal.  *Id.* at 5.

Petitioner then filed an amended motion for postconviction relief under Missouri Rule of Criminal Procedure 29.15, "alleging ineffective assistance of trial counsel at the retroactive competency hearing for failing to object when the trial court only inquired into the competency to stand trial, and not the competency to self-represent."  Doc. [13-8] at 3 ("*Bolden III*").  The trial court denied the motion without an evidentiary hearing, concluding that "Movant has failed to establish by a preponderance of the evidence that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was prejudice [sic] thereby, as required under the law."  *Id.*  Petitioner appealed one point, stating:

4

> The motion court clearly erred when it denied Mr. Bolden's motion for postconviction relief without an evidentiary hearing because Mr. Bolden alleged facts, supported by the record and the law, which entitled him to relief in that he was denied his rights to effective assistance of counsel, due process of law, and protection from cruel and unusual punishment, as guaranteed to him by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 18(a) of the Missouri Constitution when Court conducted a competency hearing, and did not use the proper standard of review for competency to self-represent, as opposed to stand trial.  This was error in that but for using the wrong standard, and the total lack of inquiry on this issue, Mr. Bolden was reasonably likely to have been found unable to self-represent, even though he was competent to stand trial.

*Id.*  The court of appeals affirmed, concluding:  (1) to the extent Petitioner was appealing the district court's alleged failure to apply the appropriate competency standard during his retroactive competency hearing, such a claim must be brought through a direct appeal, not through a Rule 29.15 postconviction motion; and (2) to the extent Petitioner was attempting to assert an ineffective assistance of counsel claim, his brief failed to comply with the briefing requirements under Missouri Rule of Civil Procedure 84.04.  *Id.* at 4-5.

Petitioner then filed a habeas petition asserting three claims:  (1) the trial court erred at Petitioner's first competency hearing by finding that Petitioner made a knowing and intelligent waiver of counsel despite concluding that further evaluation of Petitioner's capacity to stand trial was necessary; (2) the trial court erred by not granting Petitioner's motions to dismiss on speedy trial grounds; and (3) trial counsel at his retroactive competency hearing was ineffective in failing to ensure that the trial court utilized the proper standard to determine Petitioner's competency to represent himself at trial.

## LEGAL STANDARD

A federal judge may issue a writ of habeas corpus freeing a state prisoner if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The judge must not issue a writ, however, if an adequate and independent state law ground justified the prisoner's detention, regardless of the federal claim.  *See Wainwright v. Sykes*, 433 U.S. 72, 81-82 (1977).

"Federal habeas review exists as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'"

5

*Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)).  Accordingly, "[i]n the habeas setting, a federal court is bound by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] to exercise only limited and deferential review of underlying state court decisions."  *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254).  Under AEDPA, a federal court shall not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "[A] state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record."  *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (petitioner can rebut by clear and convincing evidence presumption that state court factual findings are correct).

**DISCUSSION**

## I.    Procedural Default:  Ground 3

To preserve a claim for federal habeas review, a state prisoner "must present that claim to the state court and allow that court an opportunity to address his claim."  *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).  "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted."  *Id.*  The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default

6

will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To establish cause for the default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

In Ground 3, Petitioner claims that trial counsel at the retroactive competency hearing was ineffective, as counsel failed to ensure that the trial court used the correct legal standard when determining whether Petitioner was competent to represent himself at trial. In *Bolden III*, the Missouri Court of Appeals declined to address the merits of Ground 3 pursuant to Missouri Rule of Civil Procedure 84.04:

> To the extent Movant is attempting to assert a claim of ineffective assistance of counsel, Movant's brief does not clarify which of his attorneys was ineffective, how their performance was deficient, or how he was prejudiced. We will not speculate on facts or arguments that have not been made. Despite our considerable efforts trying to discern the issue Movant is asserting in this appeal, we find we would have to become his advocate to actually reach the merits. This we cannot and will not do. Thus, we dismiss Movant's appeal due to his brief's substantial failure to comply with Rule 84.04. *See Guerra v. Locarno Partners, LP*, 577 S.W.3d 900, 905 (Mo. App. W.D. 2019).

*Bolden III* at 5. Because Petitioner failed to raise Ground 3 in accordance with Missouri's rules of appellate presentment, the ground is procedurally barred in this Court.

## II.    Ground 1: Competency

Petitioner claims in Ground 1 that his conviction should be reversed because the trial court erred at his May 4, 2014, competency hearing when it found that Petitioner made a knowing and intelligent waiver of counsel and thereafter ordered a competency evaluation. Petitioner raised this issue on direct appeal in *Bolden I*, and the Missouri Court

7

of Appeals reversed and remanded, concluding that Petitioner was entitled to representation when his competency was being evaluated.  As such, it is undisputed that the trial court erred when it evaluated Petitioner's competency while he was *pro se* and that the Missouri Court of Appeals recognized that error and granted Petitioner relief.  *See United States v. Ross*, 703 F.3d 856, 868-69 (6th Cir. 2012).  The issue before this Court is whether the remedy provided by the Missouri Court of Appeals violated clearly established federal law or rested on an unreasonable determination of the facts.  As set forth below, the Court determines that it did neither.

The Sixth Amendment guarantees a criminal defendant the right to counsel, as well as the right to self-representation.  *See Faretta v. California*, 422 U.S. 806, 818-21 (1975).  A criminal defendant may not waive their right to counsel under the Sixth Amendment unless:  (1) they are competent to stand trial; and (2) they waive the right knowingly and voluntarily.  *Godinez v. Moran*, 509 U.S. 389, 399-400 (1993); *see also Faretta*, 422 U.S. at 835).  While the United States Supreme Court has not specifically addressed the issue, several appellate courts have concluded that a criminal defendant has a right to counsel under the Sixth Amendment if his competency is in question, as competency to stand trial is a prerequisite to waiver of counsel.  *See Ross*, 703 F.3d at 868-69; *United States v. Zedner*, 193 F.3d 562, 565 (2d Cir. 1999); *United States v. Klat*, 156 F.3d 1258, 1262-64 (D.C. Cir. 1998).  The Eighth Circuit has declared that "a competency hearing is a critical stage in a criminal prosecution," at which a criminal defendant is "constitutionally entitled to representation by counsel."  *Raymond v. Weber*, 552 F.3d 680, 684 (8th Cir. 2009).  For violations of that right, Courts have applied various remedies, ranging from ordering a new trial, *see, e.g.*, *United States v. Purnett*, 910 F.2d 51 (2d Cir. 1990), to remanding for additional proceedings to determine the harm caused by the constitutional violation, *see, e.g.*, *Klat*, 156 F.3d at 1267.

Here, the Missouri Court of Appeals concluded that "the trial court committed an evident, obvious, and clear error in allowing Defendant to waive counsel without representation of an attorney before determining his competency." *Bolden I* at 6.  It then considered and rejected the remedy of a new trial, finding it unnecessary under the circumstances. *Id.* at 10-11.  The appeals court distinguished this case from those in which "the trial court never ordered a competency evaluation," in which "courts rightly find that

8

there are difficulties in determining competency retroactively." *Id.*  Here, by contrast, "the trial court did in fact order a contemporaneous competency evaluation," enabling it to "conduct a hearing as to the validity of that report and make a finding under the procedures set forth in [Missouri Revised Statute §] 552.020." *Id.* at 11.  Finally, the court of appeals remanded to the trial court with instructions "to ensure Defendant [was] represented by counsel, either private counsel or appointed counsel, at that hearing," and "[i]f, after the hearing, the trial court finds that the report cannot establish Defendant's competency at the time of trial," to "set aside the judgment and sentence and grant a new trial." *Id.*  On remand, the trial court conducted a retroactive competency hearing with Petitioner represented by counsel and found that Petitioner was competent based on the competency evaluation report and its previous proceedings and orders.  Doc. [13-12].

Having reviewed the record and relevant legal authorities, the Court finds that the decision of the Missouri Court of Appeals to remand the issue of Petitioner's competency to the trial court to conduct a retroactive competency hearing at which Petitioner would be represented by counsel did not violate clearly established federal law; nor was it an "unreasonable determination of the facts in light of the evidence presented in state court." *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010); 28 U.S.C. § 2254(d).  Therefore, the Court denies habeas relief on Ground 1.

## III.    <u>Ground 2:  Speedy Trial</u>

In Ground 2, Petitioner argues that the trial court erred in not dismissing his case for violating his speedy trial rights under state and federal law.  Doc. [1] at 13.  The Sixth Amendment to the United States Constitution provides, *inter alia*, that:  "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial[.]"  U.S. Const. amend. VI.  "The United States and Missouri Constitutions provide equivalent protection for a defendant's right to a speedy trial." *State ex rel. McKee v. Riley*, 240 S.W.3d 720, 729 (Mo. banc 2007).  "[T]he Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Johnson*, 990 F.3d 661, 670 (8th Cir. 2021) (quoting *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002)).  "Assessment of whether a defendant's Sixth Amendment right to a speedy trial has been violated includes consideration of the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the

9

defendant." *Id.* (quoting *Sprouts*, 282 F.3d 1042); *see also Barker v. Wingo*, 407 U.S. 514, 530 (1972). "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530; *see also Johnson*, 990 F.3d at 670 ("First, our consideration of the length of delay 'requires a double inquiry: (1) whether the length of delay was presumptively prejudicial such that it triggers the *Barker* analysis, and if triggered, (2) the extent to which delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.") (quoting *United States v. Rodriguez-Valencia*, 753 F.3d 801, 805 (8th Cir. 2014)). "A delay approaching a year may meet the threshold of presumptively prejudicial delay requiring the application of the *Barker* factors." *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003) (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

While Petitioner's incarceration began on September 12, 2012, in connection with other robbery incidents in St. Louis County, he was indicted on the underlying charges in this case on August 23, 2013. *Bolden I* at 12. Petitioner's trial began on March 3, 2015. *Id.* at 12-13. An 18-month delay is presumptively prejudicial, requiring the application of the other *Barker* factors. *See Johnson*, 990 F.3d at 670 (14-month delay presumptively prejudicial).

The Missouri Court of Appeals summarized the procedural history of Petitioner's criminal case as follows:

> On September 13, 2013, Defendant filed his first request for a speedy trial. Thereafter, he filed a number of motions, including requests for discovery, motions to suppress, and motions to quash the indictment. Defendant also wrote several letters to the trial court during the pendency of his case. It also appears from the docket sheet that there was a problem in serving Defendant's warrant. The warrant was withdrawn in November of 2013 and eventually served on April 21, 2014. On May 5, 2014, the court held a status conference at which it considered Defendant's waiver of counsel and granted it. As discussed above, the trial court then ordered a psychiatric examination to determine Defendant's competency. The trial court also considered Defendant's motion to dismiss for violation of his right to a speedy trial. The State argued that there had been other pending robbery charges against Defendant in St. Louis County that had been disposed of in the meantime. The trial court denied Defendant's motion. On August 11, 2014, the trial court held a hearing on a motion for continuance filed by the State requesting additional time to complete the psychiatric examination. The State claimed that Defendant had asked the doctor conducting the examination to review

10

additional records, which Defendant disputed, but Defendant consented to the continuance until September 15, 2014. On September 15, 2014, the trial court issued an order noting that the State was contacted by the Missouri State Hospital, which said they needed additional time to complete their report of Defendant's psychiatric examination. The trial court continued the case for good cause shown until November 17, 2014. On that date, the trial court found the report had not yet been completed. On January 23, 2015, the trial court held a hearing at which it determined that Defendant was competent to stand trial based on the report of Defendant's psychiatric evaluation. The case proceeded to trial as scheduled on March 3, 2015.

*Bolden I* at 13-14. While Petitioner did invoke his right to a speedy trial, that factor weighs only minimally in Plaintiff's favor, as much of the delay prior to May 5, 2014, is attributable to Petitioner's filing of multiple motions and documents with the trial court. Additionally, while the delay between May 5, 2014, and March 3, 2015, related entirely to the psychiatric examination of Petitioner and is attributable to the State, the delay was justified and does not weigh heavily against the State. Finally, Petitioner fails to show any prejudice resulting from the 18-month period between his indictment and trial. He offers no evidence that he suffered oppressive pretrial carceral conditions or experienced undue anxiety, or that the delay impaired his ability to put on his defense at trial. *Barker*, 407 U.S. at 532.

After considering the *Barker* factors, the Court is not convinced that Petitioner suffered a violation of his Sixth Amendment speedy trial right. While the 18-month delay was presumptively prejudicial, much of it was either caused by Petitioner's own filings or was the result of a justifiable competency evaluation. Petitioner also failed to demonstrate that he was prejudiced by the delay. As such, Ground 2 is denied.

11

### CONCLUSION

Petitioner is not entitled to federal habeas relief, and he has not made a substantial showing of the denial of a constitutional right, as required for a certificate of appealability to issue.  28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

**IT IS FINALLY ORDERED** that the Court will **NOT ISSUE** a certificate of appealability as to any claim raised in the petition.

A separate judgment accompanies this Memorandum and Order.

Dated this 18th day of March, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

12